# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| PAMELA NELSON, | ) |
| Claimant, | ) |
| vs. | ) Civil Action No. 4:19-CV-01560-CLS |
| ANDREW SAUL, Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pamela Nelson commenced this action on September 19, 2019, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ") and, thereby, denying her claim for disability and disability insurance benefits.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

---

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that: (1) the Appeals Council inappropriately failed to consider new evidence; (2) the ALJ failed to accord proper weight to the opinion of Dr. Rickless, the examining physician assigned by the Commissioner; and (3) the ALJ failed to consider claimant's testimony regarding the side effects of her pain medication.[2] Upon review of the record, the court concludes that those contentions lack merit, and the Commissioner's ruling is due to be affirmed.

## I.  DISCUSSION

**A.    Appeals Council Did Not Fail to Review New Evidence.**

Claimant first argues that the Appeals Council inappropriately failed to consider new evidence.

> When a claimant submits new evidence to the AC [*i.e.*, the Appeals Council], the district court must consider the entire record, *including the evidence submitted to the AC*, to determine whether the denial of benefits was erroneous. *Ingram* [*v. Commissioner of Social Security Administration*], 496 F.3d [1253,] 1262 [(11th Cir. 2007)]. Remand is appropriate when a district court fails to consider the record as a whole, *including evidence submitted for the first time to the AC*, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. §

---

[2] *See* doc. no. 9 (Brief in Support of Disability), at 3.

404.970(b).

*Smith v. Astrue*, 272 F. App'x 789, 802 (11th Cir. 2008) (alterations and emphasis supplied). Moreover, new evidence should be considered if there is a reasonable possibility that it would have changed the administrative result. *Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1321 (11th Cir. 2015).

Claimant submitted four new treatment records to the Appeals Council: (1) records from an October 31, 2018 visit to the Lincoln Family Practice; (2) an independent medical examination performed by Dr. Jane Teschner on January 21, 2019; (3) February 25, 2016 records from Advanced Imaging; and (4) records from Neurological Specialists dated November 7, 2018, and December 4, 2018.[3] The Appeals Council found that the medical records from Advanced Imaging did "not show a reasonable probability that [they] would change the outcome of the decision."[4] The Appeals Council declined to review the other medical records because they were dated *after* the ALJ's September 5, 2018 decision, and they did not relate to the period at issue. Therefore, they did not affect the decision about whether claimant was disabled during the period before the ALJ's decision.[5]

---

[3] For summary of the new evidence, see *id.* at 4-8. *See also* doc. no. 7-3 (Administrative Record), at 68-74 (Lincoln Family Practice records); *id.* at 60-67 (Dr. Teschner's Independent Medical Examination); *id.* at 75-81 (Advanced Imaging records); and doc. no. 7-4 (Administrative Record), at 82-93 (Neurological Specialists records).

[4] *See* doc. no. 7-3 (Administrative Record), at 2 (alteration supplied).

[5] *Id.*

Claimant argues that the Appeals Council did not properly consider whether, despite being conducted after the ALJ's decision, the medical evaluations were chronologically relevant to claimant's disability.[6] However, claimant does not bother to state the ways in which the medical records were, in fact, chronologically relevant to her disability. Claimant's entire argument consists of block quotes from allegedly similar cases with no application to the facts in the present case.[7] For such reasons, the Commissioner argues that claimant failed to develop and, therefore, waived her argument that the Appeals Council did not properly consider her new evidence.[8] *See, e.g.*, *National Labor Relations Board v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) (holding that "[i]ssues raised in a perfunctory manner . . . are generally deemed to be waived"); *Sanchez v. Commissioner of Social Security*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (holding claimant waived arguments by not expressly challenging ALJ's findings); *Morgan v. Social Security Administration, Commissioner*, No. 4:17-cv-01148-ACA, 2019 WL 1466259, at *3 (N.D. Ala. Apr. 3, 2019) (noting that claimant's argument that block quoted some court decisions and briefly summarized another, but did not identify any specific alleged error with the ALJ's decision gave "neither the Commissioner nor the court any guidance about

---

[6] Doc. no. 9 (Brief in Support of Disability), at 24-34.

[7] *See id.*

[8] *See* doc. no. 10 (Brief in Support of Commissioner), at 5-7.

[claimant's] argument aside from the fact that she asserts the existence of an error") (alteration supplied); *Brown v. Berryhill*, No. 4:17-cv-1324-CLS, 2018 WL 5024086, at *8 (N.D. Ala. Oct. 17, 2018), *aff'd sub nom. Brown v. Social Security Administration, Commissioner*, 770 F. App'x 1014 (11th Cir. 2019) (noting that plaintiff had "not made any actual argument regarding why the Appeals Council should have made a different decision. Instead, she simply summarizes the new evidence provided to the Appeals Council and includes block quotes from several cases. That is insufficient to carry claimant's burden of demonstrating error in the ALJ's decision").

Even when confronted with the deficiency of her argument, claimant makes no attempt to correct her error in her reply brief, but simply asserts that she "has not waived this argument as claimed by the Commissioner."[9]  Even so, this court reviewed the new evidence for chronologically relevant material, and found none. There is no indication that any of the records relate back to the time period before the ALJ's decision.[10]

Moreover, even if the evidence was *chronologically* relevant, it was not

---

[9] Doc. no. 11 (Reply in Support of Disability), at 7.

[10] Dr. Teschner's report states that she reviewed medical records provided to her by claimant's attorney, and that those records were "given consideration in the overall of [claimant's fitness for work," but she also evaluated claimant's physical presentation at the time and assesses all of the evidence together for her recommendation. *See* doc. no. 7-3 (Administrative Record), at 63, 66.

*material* because it is unlikely that it would change the outcome of the Commissioner's decision. Aside from a new diagnosis of carpal tunnel syndrome by Dr. Seth G. Spotnitz,[11] the new medical records reflect similar symptoms, examination findings, and mobility and pain levels as those recorded in the records submitted to the ALJ. Accordingly, the Appeals Council did not err in its consideration of the additional medical records submitted on appeal. Even if the Council did err, any such error was harmless.

**B.      ALJ Accorded Proper Weight to Dr. Rickless's Opinion.**

Claimant next argues that the ALJ failed to accord proper weight to the opinions of Dr. Morton Rickless, the examining physician assigned by the Commissioner.[12] Social Security regulations provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or consultative physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends

---

[11] *See* doc. no. 7-4 (Administrative Record), at 84.

[12] Doc. no. 9 (Brief in Support of Disability), at 34-44.

upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Rickless examined claimant at the request of the Administration on October 31, 2016, a little over two months after claimant's August 10, 2016 neck surgery to remove the anterior plate and screws from her prior surgery.[13] At the examination, claimant "presented wearing a lumbar brace" and complained "of back pain and loss of motion."[14] Dr. Rickless found during examination that claimant's motion was limited, but her muscle strength was normal except for slightly weakened grip strength in her right hand (4/5).[15] "Dr. Rickless also reiterated that the claimant presented with a picture of chronic neck and back pain indicative of failed neck and back surgery which appeared different or somewhat different from what was indicated in her treatment records."[16] The ALJ assigned significant weight to Dr. Rickless's "examination narrative and range of motion findings," but gave little weight to "his medical source statement with partial functional assessment" because the "examination was conducted only 2-3 months following the claimant's neck surgery," and "Dr. Rickless noted inconsistencies between the claimant's clinical

---

[13] Doc. no. 7-3 (Administrative Record), at 18.

[14] *Id.*; *see also* doc. no. 7-12 (Administrative Record), at 511.

[15] *See* doc. no. 7-12 (Administrative Record), at 515, 518-19.

[16] *See* doc. no. 7-3 (Administrative Record), at 19.

presentation and the indications of improvement reflected in her treatment records."[17]

Without identifying any specific alleged error, claimant argues that the ALJ substituted her own judgment for that of the consulting physician.[18] The Commissioner again argues that this failure to make any specific argument constitutes waiver.[19] Claimant makes no attempt to correct this waiver in her reply.[20] Accordingly, this argument is deemed waived.

Even if claimant had not waived her argument, it would fail. Claimant appears to argue, primarily through the use of block quotes, that this case is either like *McClurkin v. Social Security Administration*, 625 F. App'x 960 (11th Cir. 2015), in which the ALJ failed to state with clarity the reasons for discounting part of the physician's report, or like *Wilder v. Chater*, 64 F.3d 335 (7th Cir. 1995), in which the ALJ failed to credit the opinion of the consulting physician when it was "the only medical evidence in the case." *Id.* at 337. Those arguments fail. The ALJ in this case states specifically the weight assigned to Dr. Rickless's report and explicitly assigns it less weight only where it disagrees with the other available medical evidence.[21] These circumstances cannot compare to situations where the ALJ failed

---

[17] *Id.* at 20-21.

[18] *See* doc. no. 9 (Brief in Support of Disability), at 34.

[19] *See* doc. no. 10 (Brief in Support of Commissioner), at 14.

[20] *See* doc. no. 11 (Reply in Support of Disability), at 7-13.

[21] *See* doc. no. 7-3 (Administrative Record), at 20-21.

to explain the reasoning at all, or where the consulting physician provided the only medical evidence. Accordingly, the ALJ did not err in assigning less weight to a portion of the consulting physician's report.

C. **The ALJ Did Not Fail to Consider Claimant's Testimony Concerning the Side Effects of Her Pain Medication.**

Claimant's final argument is that the ALJ failed to adequately consider claimant's testimony concerning the side effects of her medication.[22] As part of evaluating how claimant's symptoms affect her ability to work, the ALJ must also consider the effectiveness and any side effects of medications claimant takes to treat those symptoms. *See Walker v. Commissioner of Social Security*, 404 F. App'x 362, 366 (11th Cir. 2010) (citing 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv)).

Claimant alleges that the ALJ made a finding that claimant was prescribed a medication that caused adverse side effects, but "did not consider or discuss how the medications affected [claimant's] ability to work."[23] During the hearing before the ALJ, claimant testified that the pills she was prescribed for depression made her want "to do stupid stuff": *i.e.*, commit suicide.[24] Claimant no longer takes that medication.[25] Claimant also testified that the pain medication she was originally

---

[22] *See* doc. no. 9 (Brief in Support of Disability), at 44-46.
[23] *Id.* at 44 (alteration supplied).
[24] Doc. no. 7-3 (Administrative Record), at 53.
[25] *See id.*

prescribed had adverse side effects, including stomach pains, headaches, and hallucinations, so she no longer takes it on a regular basis.[26]

The ALJ stated in her decision that a "doctor gave [claimant] medication for depression, but it had adverse side effects."[27] The ALJ also noted the side effects caused by claimant's pain medication.[28] However, because claimant no longer takes the pain or depression medications, the ALJ noted that "[t]here is no evidence of persistent adverse side effects from any prescribed medications."[29] The record shows that the ALJ did evaluate whether claimant experienced adverse side effects for any medication she was currently taking, and concluded that there was none. Therefore, the ALJ did not fail to consider claimant's testimony regarding the side effects of her past medication.

## II. CONCLUSION

The court concludes that the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The

---

[26] *See id.* at 50.

[27] *Id.* at 16.

[28] *See id.* at 16.

[29] *Id.* at 20. The ALJ also did not find claimant's depression to be a severe impairment. *Id.* at 14 ("The claimant's medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere.").

Clerk is directed to close this file.

**DONE** and **ORDERED** this 15th day of July, 2020.

_____
Senior United States District Judge